■ Soon Duck Kim et al., Appellants, et al., Plaintiffs, v City of New York, Respondent, et al., Defendants. [613 NYS2d 31] —In an action, *inter alia,* to recover damages for the alleged taking of property for public use without just compensation, the plaintiffs Soon Duck Kim, Man Suk Jun, and In Myung Jun appeal from an order of the Supreme Court, Queens County (Di Tucci, J.), dated March 20, 1992, which denied their motion for partial summary judgment on the second cause of action in the complaint and granted the cross motion of the defendant City of New York for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly found that the placement of side fill on a portion of the plaintiffs' property to support the elevated grade of the abutting street did not effect a "taking" requiring the payment of "just compensation" *(see,* US Const 5th, 14th Amends; NY Const, art I, § 7 [a]). Contrary to the plaintiffs' contention, the placement of the fill did not constitute a "permanent physical occupation" of their property by the defendant City of New York. Not every physical invasion of property is a "permanent physical occupation" *(Loretto v Teleprompter Manhattan CATV Corp.,* 458 US 419, 430, 432, 435, n 12). The plaintiffs' property rights in that portion of their property "occupied" were not effectively destroyed by the City's actions and consequently, there was no taking per se *(see, Loretto v Teleprompter Manhattan CATV Corp., supra,* at 435-436; *Seawall Assocs. v City of New York,* 74 NY2d 92, 102, *cert denied sub nom. Wilkerson v Seawall Assocs.,* 493 US 976; *cf., Pumpelly v Green Bay Co.,* 13 Wall [80 US] 166). The plaintiffs do not dispute the City's contention that the fill was necessary to support the street and prevent erosion, and there is no evidence that the·placement of the fill had an impact on the plaintiffs' business or their use of the property. Therefore, no "taking" occurred *(see, Loretto v Teleprompter Manhattan CATV Corp., supra,* at 432; *Penn Cent. Transp. Co. v New York City,* 438 US 104). Bracken, J. P., Miller, Joy and Altman, JJ., concur.